UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS C. AIMETTI, | Case No.: 17 Civ. 481 |
| Plaintiff, | **COMPLAINT IN AN FLSA ACTION** |
| -against- | ECF CASE |
| JAY LERMAN, M.D., P.C., *dba* LERMAN DIAGNOSTIC IMAGING, and JAY LERMAN, M.D., and ROBERT CORDIANO, individually, | Jury Trial Demanded |
| Defendants. | |

Plaintiff, Dennis C. Aimetti ("Plaintiff"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Jay Lerman, M.D., P.C., *doing business as* Lerman Diagnostic Imaging, (herein, "Lerman Diagnostic Imaging"), and Jay Lerman, M.D., and Robert Cordiano, individually (all defendants collectively referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid overtime wages; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid overtime wages; (2) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (3) pre-judgment and post-judgment interest, and, (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a resident of Richmond County, New York.

6. Upon information and belief, Defendant, Lerman Diagnostic Imaging, was and is a professional corporation, existing under the laws of the State of New York, with a principal place of business located at 6511 Fort Hamilton Parkway, Brooklyn, New York 11219.

7. Upon information and belief, Defendant, Jay Lerman, M.D., is an owner, official, officer, director and/or managing agent of Lerman Diagnostic Imaging, whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of Lerman Diagnostic Imaging, and acted intentionally and maliciously and was plaintiff's "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Lerman Diagnostic Imaging.

8. Upon information and belief, Defendant, Robert Cordiano, is an owner, official, officer, director and/or managing agent of Lerman Diagnostic Imaging, whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of Lerman Diagnostic Imaging, and acted intentionally and maliciously and was plaintiff's "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated

thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Lerman Diagnostic Imaging.

9. Plaintiff was employed by Defendants Lerman Diagnostic Imaging, Jay Lerman, M.D., and Robert Cordino, in Kings County, New York as a non-exempt staff MRI technologist, beginning in or about November 2002, and continuously until on or about January 12, 2017.

10. At all relevant times, Lerman Diagnostic Imaging was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all times relevant to this litigation, Defendants, jointly, were Plaintiff's employer within the meaning of the FLSA and the New York Labor Law.

12. At all relevant times the work performed by Plaintiff was directly essential to the medical practice and business operated by Lerman Diagnostic Imaging.

13. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned overtime wages, in contravention of the FLSA and New York Labor Law.

14. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

15. In or about November 2002, Plaintiff, Dennis C. Aimetti, was hired by Defendants to work as an MRI technologist, for Defendants' medical practice, known as "Lerman Diagnostic Imaging".

16. Plaintiff, Dennis C. Aimetti, worked for the Defendants beginning in November 2002, continuously through January 12, 2017.

17. During Plaintiff's employment by Defendants, he worked well over forty (40) hours per week. Plaintiff generally worked approximately fifty-five (55) hours per week.

3

Plaintiff was always paid bi-weekly, for all hours worked, in the amount of forty-seven dollars ($47.00); his pay was reduced on Christmas Eve in 2013 to forty-four dollars and sixty-five cents ($44.65) per hour. Plaintiff was paid "straight time" for all hours worked; he did not receive an overtime premium for time worked above forty (40) each week.

18. During Plaintiff's employment, he was paid by check. Plaintiff was not paid for all time worked and work performed above forty (40) hours per week was not paid at time and one-half the plaintiff's regular rate, as required by law.

19. Plaintiff did not receive annual wage notices required by New York State regulations. He was improperly classified as an "exempt" employee.

20. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff for work performed over forty (40) hours in a workweek.

21. At relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

22. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "21" of this Complaint as if fully set forth herein.

23. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

24. Plaintiff himself is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

25. At all relevant times, the Defendants employed Plaintiff within the meaning of the FLSA.

26. Upon information and belief, at all relevant times throughout Plaintiff's employment, Defendants had annual gross revenues in excess of $500,000.

27. Plaintiff was entitled to be paid at the rate of time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

28. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at time and one-half Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

29. Plaintiff did in fact work over forty (40) hours per week.

30. Plaintiff typically worked approximately fifty-five (55) hours per week; he was required to use a finger print scanner to records his hours, each day. Upon information and belief, the defendants' time keeping system rounded plaintiff's time down, depriving him of compensation for time spent working.

31. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess forty (40) per week.

32. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff for his lawful overtime wages for hours worked when they knew or should have known such was due and that non-payment of such would financially injury Plaintiff.

33. Defendants failed to make, keep, and preserve accurate records with respect to Plaintiff sufficient to determine his hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

34. Records concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due.

35. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

36. As a direct and proximate result of the Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

37. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages, and prejudgment interest thereon.

38. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

39. Defendant, Jay Lerman, M.D., is an individual who, upon information and belief, manages Lerman Diagnostic Imaging, and controls all business decisions at Defendant Lerman Diagnostic Imaging, including but not limited to, the decisions of what compensation the employees will receive and the number of hours the employees, including Mr. Aimetti, were required to work.

40. Defendant, Robert Cordiano, is an individual who, upon information and belief, manages Lerman Diagnostic Imaging, and controls all business decisions at Defendant Lerman Diagnostic Imaging, including but not limited to, the decisions of what compensation the

employees will receive and the number of hours the employees, including Mr. Aimetti, were required to work.

41. At all relevant times herein, Plaintiff performed his duties for Lerman Diagnostic Imaging under the direction and control of both individual defendants, Jay Lerman, M.D., and Robert Cordiano.

42. At all relevant times herein, both defendants, Jay Lerman, M.D., and Robert Cordiano, had authority to make, and in fact made, decisions as to hiring, firing, and as to wages, and each acted as Plaintiff's employer as such term is used for purposes of the FLSA.

## COUNT II
[Violation of the New York Labor Law]

43. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "42" of this Complaint as if fully set forth herein.

44. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

45. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times his regular rate of pay, for each hour worked in excess of forty (40) hours in a workweek.

46. Defendants knowingly and falsely, provided Plaintiff with a paystub accurately accounting for his actual hours worked, alleging that he was "management" not entitled to overtime compensation.

47. Defendants willfully disregarded and purposefully evaded overtime compensation requirements of the New York Labor Law by improperly classifying plaintiff as "management".

48. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages, reasonable attorneys' fees, and costs and

disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

49. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "48" of this Complaint as if fully set forth herein.

50. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

51. Plaintiff was not provided with a proper wage notice as required by law.

52. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

**PRAYER FOR RELEIF**

WHEREFORE, Plaintiff, Dennis C. Aimetti, respectfully requests that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b) An award of unpaid overtime wages due under the FLSA and New York Labor Law;

(c) An award of liquidated damages as a result of Defendants' willful failure to pay overtime wages pursuant to 29 U.S.C. § 216;

(d) An award of liquidated damages as a result of Defendants' willful failure to pay overtime wages pursuant to the New York Labor Law;

(e) An order equitably tolling the applicable statute of limitations under Federal and State law;

(f) An award of prejudgment and post-judgment interest;

(g) An award of costs and expenses of this action with reasonable attorneys' fees; and,

(h) Such other and further relief as this Court determines to be just and proper under the circumstances.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
January 28, 2017

Respectfully submitted,

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jepclaw.com

By: _____
Peter H. Cooper (PHC 4714)

9

# CONSENT TO SUE UNDER
# FAIR LABOR STANDARDS ACT

I, __Dennis Aimeth__, am an employee currently or formerly employed by __Lerman Diagnostic Imaging__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__January 6__, 2017

*/s/ Dennis C. Aimeth*